*In re* SHULER'S ESTATE.

1. WILLS—UNDUE INFLUENCE.
   In a will contest case, evidence *held*, sufficient to take to the jury the issue of undue influence.

2. SAME—EXCESSIVE KINDNESS OF DAUGHTER.
   A statement by testatrix that her daughter and son-in-law, with whom she lived, were "wonderful" to her did not justify submitting to the jury the question as to whether she was unduly influenced by the excessive kindness of her daughter.

3. SAME—FILIAL DUTIES—PARENT AND CHILD.
   Courts should not administer the law in such a way as to penalize the faithful discharge of filial duties.

4. SAME—TRIAL—QUESTION OF UNDUE INFLUENCE SHOULD NOT HAVE BEEN SUBMITTED WHERE NOT SUSTAINED BY PROOF.
   Submitting to the jury the question as to whether testatrix was unduly influenced by the excessive kindness of her daughter, with whom she made her home, where there was no proof to sustain same, was prejudicial error.

5. SAME—INSANE DELUSIONS.
   Proof that testatrix was subject to insane delusions, which are claimed to have affected the validity of her will, *held*, insufficient to take said question to the jury.

Error to Bay; Houghton (Samuel G.), J. Submitted April 19, 1928. (Docket No. 113.) Decided June 4, 1928.

Fred B. Shuler presented for probate the last will of Ellen B. Shuler, deceased. The will was allowed in the probate court, and William J. Shuler appealed. Judgment for contestant. Proponent brings error. Reversed.

---

[1]Wills, 40 Cyc. p. 1332; [3]Id., 40 Cyc. p. 1147; [4]Id., 40 Cyc. p. 1359; 28 R. C. L. 405.

*Kinnane & Leibrand,* for appellant.

*A. H. McMillan* and *Dudley J. Kavanagh,* for appellee.

NORTH, J.    This is a will contest involving the validity of a will left by Ellen B. Shuler who died at the age of 84 years.    The testatrix was survived by three sons, Albert, Fred, and William J. Shuler, and a daughter, Helen S. Cook.    Albert's daughter, now Mrs. Minnie Haines, was reared from earliest childhood by the testatrix, and is named in the will. The son William J. contested the will on the grounds of mental incompetency of the testatrix and of undue influence.    The circuit judge held there was no proof of mental incompetency, and that issue was withdrawn from the jury, but, on the ground of undue influence, the jury found in favor of the contestant and disallowed the will.    The proponent has appealed.

The will herein involved made substantially an equal division of the estate among the four children of the deceased, excepting that the share which naturally would have gone to Albert was equally divided between him and his daughter, Minnie Haines.    The contestant evidently hoped to profit by the disallowance of this will, because, by the terms of a former will and codicil, executed September 4, 1925, the bulk of the estate was left to him.

At the conclusion of the proofs the proponent moved for a directed verdict, and later moved for judgment *non obstante veredicto.*  ·  Each of these motions was denied.    The appellant now urges that he was and is entitled to have a judgment allowing the will; but, in the event the record does not sustain this contention, he asserts that because of errors assigned the case should be reversed and a new trial ordered.

An attempt to fully review the testimony of the numerous witnesses who appeared at the trial would

242—Mich.—37.

not be helpful.     A careful consideration of the record convinces us that there was an issue of fact for the jury on the question of undue influence.

Error is assigned on that portion of the charge wherein the court submitted to the jury the question as to whether the testatrix was unduly influenced by excessive kindness of her daughter, Mrs. Helen Cook, with whom she resided from May 29, 1926, to the date of her death, March 3, 1927.     The will in issue was executed July 30, 1926.     The charge to the jury contained the following:

"It (the exercise of undue influence) does not mean you have got to do it with a club; you might do it with kindness; one might be so kind and gentle as to unduly influence by excessive kindness.     Ordinary kindness and care that Mrs. Cook would be expected to give to her mother would not be evidence of influence. If her kindness was undue, or extreme kindness, it might overcome the free will of the testatrix or deceased just as much as if she had been cruel to her and harsh with her."

There is testimony that Mrs. Ellen Shuler said Mr. and Mrs. Cook were "wonderful" to her, and that they couldn't do more for her; but we think this general statement did not justify submitting to the jury the question of undue or excessive kindness.     A fair and reasonable construction of the testimony discloses that Mrs. Cook's attitude towards her mother was that of a dutiful daughter and nothing more.     Courts should not administer the law in such a way as to penalize the faithful discharge of filial duties.     Submitting this issue to the jury without proof in the record tending to sustain the same was prejudicial error.     *Kiesgen* v. *Harness, ante,* 422.

Error is also assigned on the ground that, under the record in this case, the contestant's claim that the will was rendered invalid because of the insane delusions of the testatrix should not have been submitted to the jury, for the reason that there was no proof

tending to sustain such a claim.    In the brief filed by the appellee the contention is made that there is proof in the record tending to show that the testatrix was afflicted with the following insane delusions: (1) That her son William would place her in a home for feeble-minded; (2) that William was not staying at the old home, and that he would not answer the telephone when it rang; (3) that the testatrix was afraid of her son William, and had made a will under his dictation; and (4) that she had been given dope during the period of her illness, and that her son William had been responsible for this.    The first of the matters above claimed to be an insane delusion was mentioned only once in the record, and then it was referred to as a laughing matter by the witness, who said, "Of course she (testatrix) laughed about it, and so did I." This did not tend to prove an insane delusion in consequence of which Mrs. Shuler would be inclined to disinherit her son William.    It was simply a joke between two elderly ladies.    Mrs. Shuler's belief as to William's not being in the old home, and not answering the telephone, and also to the circumstance that his conduct at times was such that she had reason to be afraid of him, and that she had signed a will favoring William, under the proof, appears in each instance to pertain to matters of fact and was in no sense an insane delusion.    There is some testimony tending to show that Mr. and Mrs. Cook may have deceived the testatrix as to such matters, but that would not constitute an insane delusion.    The remaining circumstance of "dope" having been administered to the testatrix during the period of her illness evidently had reference to the fact that she was taking medicines because of her unfortunate physical condition in 1925 and 1926.    She was of the opinion that the medicines were not helping her.    The record shows she sometimes took the medicine without assistance and at other times it was given to her by her son

William.        She evidently had little faith in it and it was not overstrange that she referred to it as. "dope." On this subject William testified:

"Dr. S. E. Gustin prescribed digitalis for her heart, practically the only medicine mother took the last sickness, but mother thought it wasn't doing her much good, and sometimes he would give her a few pills in water to satisfy her more than anything else.        I never gave mother  anything in the way of medicine or drugs except what Dr. Gustin prescribed."

The record would not justify the conclusion that the testatrix had an insane delusion of this character, for the reason that it cannot be said it was not without some basis in fact.        Mrs. Shuler's impression as to having taken "dope" may not have rested on facts which were very convincing, but they are sufficient to overcome the imprecation of an insane delusion.        *In re Barlum's Estate,* 240 Mich. 393.        That the proof did not justify submitting the question of insane delusions to the jury is further indicated by the assertion in the appellee's brief that "Contestant contended and offered to prove that she (testatrix) had never departed from normal mentality."        And while it is not a controlling circumstance, the natural justice of this will which gave the contestant an equal share in the estate with the other three children surely adds nothing to his  claim  that it was the product of an insane delusion.

Other questions are raised by assignments of error, but, as far as they are meritorious, it is improbable that any of them will be presented under like circumstances at a retrial of the case, and for that reason we will not review them here.        Because of the errors above indicated, the case must be reversed and a new trial ordered.        The appellant will have costs in this court.

FEAD, C. J., and FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.